**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 20 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRYSTAL ESQUIVEL, | No. 22-16975 |
| Plaintiff-Appellant, | D.C. No. 1:22-cv-00001-EPG |
| v. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| STATE OF CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, | |
| Defendant. | |

Appeal from the United States District Court
for the Eastern District of California
Erica P. Grosjean, Magistrate Judge, Presiding

Submitted November 16, 2023**
San Jose, California

Before: MURGUIA, Chief Judge, and PAEZ and FRIEDLAND, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Crystal Esquivel appeals the district court's order dismissing her suit against the Fresno County Department of Social Services ("the Department") alleging violations of the Indian Child Welfare Act ("ICWA"). Esquivel sued the Department under 25 U.S.C. § 1914, alleging that the Department failed to comply with the ICWA's requirements during a California dependency court proceeding that led to the termination of her parental rights to her three children. The district court dismissed for lack of subject matter jurisdiction, concluding that Esquivel lacked standing to bring the claim because she failed to allege that she was the parent of an "Indian child" as defined in the ICWA. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a dismissal for lack of subject matter jurisdiction *de novo*. *United Aeronautical Corp. v. U.S. Air Force*, 80 F.4th 1017, 1022 (9th Cir. 2023). We may affirm "on any ground raised below and fairly supported by the record." *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1030 (9th Cir. 2013) (quotation marks omitted).

The district court correctly concluded that Esquivel lacked statutory standing under 25 U.S.C. § 1914. Esquivel alleged the Department violated § 1912(d) by failing to adequately investigate her Native American ancestry. But her complaint did not allege that she was the parent of an "Indian child" within the meaning of the ICWA. The Act defines an "Indian child" as "any unmarried person who is

2

under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." 25 U.S.C. § 1903(4). In response to the Department's notices of involuntary child custody proceedings potentially involving an "Indian child," the Eastern Band of Cherokee Indians, the Cherokee Nation, and the Pascua Yaqui Tribes stated that neither Esquivel, nor her children, nor their fathers were Tribe members. And Esquivel conceded this lack of Tribe membership before the district court. "[T]he plain meaning of a statute controls where that meaning is unambiguous," *Khatib v. County of Orange*, 639 F.3d 898, 902 (9th Cir. 2011) (en banc), and the ICWA's definition is clear.

The district court next concluded that because Esquivel lacked statutory standing, the court lacked subject matter jurisdiction over her suit. But "[s]tatutory standing, unlike constitutional standing, is not jurisdictional." *Jewel v. Nat'l Sec. Agency*, 673 F.3d 902, 907 n.4 (9th Cir. 2011) (quotation marks omitted). A lack of constitutional standing "requires dismissal for lack of subject matter jurisdiction," whereas a "lack of statutory standing requires dismissal for failure to state a claim." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011) (emphasis omitted). The Department argues we should affirm under the *Rooker-Feldman* doctrine, which generally bars federal district courts from exercising subject matter jurisdiction over suits that substantively appeal a state court

judgment. *See Doe v. Mann*, 415 F.3d 1038, 1041–42 (9th Cir. 2005). But in the Ninth Circuit, § 1914 claims are an exception to *Rooker-Feldman*. *See id.* at 1047. The district court therefore erred in concluding it lacked jurisdiction to hear Esquivel's claim.

We nevertheless affirm the dismissal of Esquivel's claim under Federal Rule of Civil Procedure 12(b)(6). The Department moved to dismiss for both lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). Because Esquivel conceded that she was not the parent of an "Indian child" as that term is clearly defined under the ICWA, she failed to establish statutory standing under 25 U.S.C. § 1914. And as discussed, a "lack of statutory standing requires dismissal for failure to state a claim." *Maya*, 658 F.3d at 1067.

Finally, the district court did not err in dismissing without leave to amend because amendment would be futile. *See Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021). Section 1914 permits a parent "from whose custody [an Indian] child was removed" to seek relief from termination of parental rights, but the record establishes that Esquivel's children were not "Indian children" within the meaning of the ICWA at the time of removal.

**AFFIRMED**.[1]

---

[1] We deny the Department's motion for judicial notice **(Doc. 18)** as MOOT.